NOT DESIGNATED FOR PUBLICATION

Nos. 122,851
122,852
122,853

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

MILES VAN JACKSON,
*Appellant*.

MEMORANDUM OPINION

Appeal from Barton District Court; CAREY L. HIPP, judge. Opinion filed January 29, 2021. Affirmed in part and reversed in part.

Submitted by the parties for summary disposition pursuant to K.S.A. 2019 Supp. 21-6820(g) and (h).

Before MALONE, P.J., HILL and BUSER, JJ.

PER CURIAM: On Miles Van Jackson's motion, we accepted this appeal for summary disposition under K.S.A. 2019 Supp. 21-6820(g) and (h) and Supreme Court Rule 7.041A (2020 Kan. S. Ct. R. 47). He appeals the district court's decision revoking his probation and sending him to prison after he violated probation in three separate cases.

While he does not challenge the district court's finding that he violated his probation, instead, he does argue that because his underlying problems relate to substance

1

abuse, the court should have given him another chance on probation so that he could receive treatment. In his view, this was an abuse of discretion by the district court and he asks us to reverse that decision. We find no abuse of discretion in revoking Jackson's most recent probation order. But we do find error in the court not considering an intermediate sanction before revoking his probation in his two earlier convictions.

Jackson committed his first crime in July 2015, his second crime in May 2017, and his third crime in October 2018. Those dates are important because according to our Supreme Court's recent decision in *State v. Coleman*, 311 Kan. 332, 337, 460 P.3d 828 (2020), the probation revocation scheme that applies when a court is considering revocation, is the one in effect when the crime of conviction was committed. Most of the statutory provisions relevant to this appeal are the same in all three cases, so we focus on the language in K.S.A. 2018 Supp. 22-3716.

Under that statute, a district court had to impose intermediate sanctions before revoking probation and imposing the prison sanction. The first intermediate sanction consisted of a two- or three-day period in jail. K.S.A. 2018 Supp. 22-3716(c)(1)(B). After that sanction, the court could order the probationer to serve 120 or 180 days in prison. K.S.A. 2018 Supp. 22-3716(c)(1)(C)-(D). But in 2017, the Legislature added an exception if the court had granted a dispositional departure and placed the defendant on probation when the presumptive guidelines sentence had been prison; in that case, the court had the discretion to revoke probation without first imposing the intermediate sanction. K.S.A. 2018 Supp. 22-3716(c)(9)(B).

That exception applied in one of Jackson's cases. Jackson's presumptive sentence for his methamphetamine conviction in case 18-CR-462 was between 37 to 42 months in prison. In that case, the district court granted a dispositional departure and placed Jackson on probation instead. Thus, when the district court found that Jackson had violated his probation in that case—a finding that he does not challenge on appeal—it had the

2

discretion to revoke his probation without imposing any intermediate sanctions. That means we must examine the record for an abuse of discretion in the 2018 case.

The rules about an abuse of discretion in this context are well established. Unless the court based its decision on a factual or legal error (which is not claimed here), we reverse only if no reasonable person would agree with the district court's decision. *State v. Brown*, 51 Kan. App. 2d 876, Syl. ¶ 4, 357 P.3d 296 (2015).

We hold that a reasonable person could agree with the court's decision to revoke probation in the 2018 case. The court acknowledged that Jackson had a drug addiction and would benefit from treatment—indeed, that was a reason the court had placed Jackson on probation in the first place rather than send him to prison. But the court found that continuing probation was not a good option for Jackson because he had continued to use drugs over the course of his probation and had failed to complete substance abuse treatment. Despite several opportunities, Jackson had not changed his behavior. Thus, we find no error in the district court's decision to revoke Jackson's probation and impose his underlying prison sentence in case 18-CR-462.

We turn to Jackson's probation in his earlier two cases. In 17-CR-204, Jackson's presumptive sentence for his aggravated battery conviction was between 27 to 31 months in prison. The district court granted a dispositional departure and placed Jackson on probation instead. In *Coleman*, the Kansas Supreme Court held that the dispositional departure exception did not become effective until July 1, 2017 and does not apply retroactively. *Coleman,* 311 Kan. at 332-33, 337. Because Jackson committed the crime in 17-CR-204 before July 2017, the exception does not apply.

In 16-CR-66, the court did depart from the sentencing guidelines on one count—a durational departure, not a dispositional departure— but did not depart on the second count. This means the exception that would allow the avoidance of the consideration of

intermediate sanctions does not apply. The statute excepted *dispositional* departure sentences, not *durational* departures. Jackson was convicted in that case of aggravated battery and interference with law enforcement. His presumptive sentence in the aggravated battery case was between 27 months and 31 months in prison. The district court granted a durational departure for that offense and imposed a 10-month prison sentence. His presumptive sentence for the interference charge was 24 months of probation with a prison sentence of 5 to 7 months. The court granted probation on that count along with a six-month prison sentence. Jackson has served the 10-month prison sentence for the aggravated battery conviction and then began to serve probation for the interference charge. Jackson challenges the revocation of that probation in this case.

We hold that the district court had no authority to revoke Jackson's probation in 17-CR-204 and 16-CR-66 without first imposing intermediate sanctions. See K.S.A. 2016 Supp. 22-3716(c)(1)(B)-(E). Jackson did serve jail sanctions for prior violations, but the court had never imposed a 120-day or 180-day prison sanction under K.S.A. 2018 Supp. 22-3716(c)(1)(C)-(D). Thus, the district court erred by revoking probation in those cases.

In this summary disposition of a sentencing appeal, we have reviewed the record available to the sentencing court, and we find no error in its decision to revoke Jackson's probation in 18-CR-462. But we find that the court erred in revoking probation in 17-CR-204 and 16-CR-66, so we remand to the district court with instructions to consider imposing an appropriate intermediate sanction.

Affirmed in part and reversed in part.